UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MONICA S., )
          PLAINTIFF, )
)
vs. ) CASE NO. 17-CV-442-FHM
)
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
          DEFENDANT. )

## OPINION AND ORDER

Plaintiff, MONICA S., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Monica S.'s application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Lantz McClain was held January 25, 2016. By decision dated February 11, 2016, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 4, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 50 years old on the alleged date of onset of disability and 51 years old on the date of the denial decision. She has a high school education and some vocational college. Her past work experience includes a church janitor and school bus driver. [R. 24]. Plaintiff claims to have been unable to work since January 19, 2015[2] due to severe right hip pain and some left hip discomfort. [R. 42, 58, 184].

## The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments: history of hip pain and obesity. [R. 21]. The ALJ determined that Plaintiff has the residual functional capacity to perform the full range of light work in that she can lift/carry up to 20 pounds

---

[2] Plaintiff amended her onset date from December 1, 2012 to January 19, 2015. [R. 40]. Plaintiff's earning record shows that she has acquired sufficient quarters of coverage to remain insured through March 31, 2015.

occasionally and 10 pounds frequently. Plaintiff can stand and/or walk at least 6 hours and sit at least 6 hours in an 8-hour workday. [R. 23]. The ALJ determined that Plaintiff was not disabled because at step four, she retained the residual functional capacity to perform her past relevant work. [R. 24]. At step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 25]. The case was thus decided at step four with an alternative step five finding of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts the ALJ: 1) failed to properly consider medical source opinions; and 2) failed to properly consider Plaintiff's allegations. [Dkt. 11, p. 3].

## Analysis

### Medical Source Opinions

Plaintiff argues that the ALJ failed to properly consider the medical source opinions, specifically, treating physicians, Martin T. Cooper, M.D., and Mark James Maguire, M.D., and consultative examiner, Dr. Theron J. Bliss, D.O. [Dkt. 11, p. 4-5]. Plaintiff contends that the ALJ did not consider "trochanteric bursitis" to be a severe impairment. Plaintiff acknowledges that failing to find trochanteric bursitis a severe impairment at step two is not, in itself, error because at step two all the ALJ has to do is find that a severe impairment exists, but argues it effects how the ALJ evaluates the case and evidence. Further, trochanteric bursitis was not mentioned anywhere in the decision. [Dkt. 11, p. 4-5].

3

On January 19, 2015, Plaintiff was examined by Dr. Cooper for complaints of hip pain. Plaintiff indicated that the severity of pain was 10/10. Dr. Cooper found Plaintiff exhibited tenderness, pain on movement, and decreased range of motion. Plaintiff was diagnosed with bilateral hip pain, prescribed medication, and instructed to return if symptoms worsen or fail to improve. [R. 278-284]. On September 14, 2015[3], Dr. Cooper completed a Handicapped Parking Placard Application indicating Plaintiff is severely limited in her ability to walk based upon arthritis. [R. 226].

On February 7, 2015, Plaintiff was examined by consultative examiner, Dr. Bliss, who found the speed, stability, and safety of Plaintiff's gait to be normal. Plaintiff was able to heel/toe walk with minimal difficulty although she did balance check with the wall. Plaintiff's hips, ankle, knee, and both wrists had full range of motion. There was no intraarticular limitation of the hip. The strength of Plaintiff's upper and lower extremities were 5/5. [R. 260]. Dr. Bliss opined Plaintiff's symptoms were coming more from the sacroiliac region or greater trochanteric bursa and suspected a combination of right sacroiliac joint and right greater trochanteric bursa inflammation. [R. 260-61].

In July 2015 Dr. Maguire noted Plaintiff's hip had full painless range of motion, and no pain with flexion and internal rotation of the hip. Plaintiff was tender in the area of the greater trochanter. Plaintiff described a little discomfort in the area of the sacroiliac joint and buttock area as well. X-rays of Plaintiff's hip showed mild arthritis and no surgical

---

[3] The relevant time period in this case is from January 19, 2015 through March 31, 2015. The Handicapped Parking Placard Application completed by Dr. Cooper is not within the relevant time period.

4

intervention was recommended.  Dr. Maguire felt Plaintiff's pain was trochanteric bursa or tendinopathy in nature which was treated with a steroid injection.  [R. 301].

Plaintiff argues that her primary complaint is painful hips and the ALJ erred by failing to discuss the doctors' suggestion that the pain was caused by trochanteric bursitis. [Dkt. 12, p. 5-6].  But the ALJ specifically found that Plaintiff had a medically determinable impairment of a history of hip pain.  Once that finding was made, the cause of the pain was not the issue.  The issue was what effect the hip pain had on Plaintiff's ability to work.  In addressing that issue, the ALJ clearly considered and discussed the evidence including doctors' examinations and reports, and Plaintiff's testimony and reports to her health care providers.  The specific diagnosis is not of significance because the focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis.  *See e.g. Coleman v. Chater,* 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue,* 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v. Apfel,* 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250* (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  The ALJ accurately discussed the medical evidence including Plaintiff's complaints of hip pain; full range of motion in both hips; 5/5 strength in all extremities; and hip x-rays which showed only a mild condition.  [R. 24].

5

Plaintiff alleges that the ALJ's failure to find trochanteric bursitis as a severe impairment at step two adversely impacted the ALJ's analysis because the ALJ does not have to consider the impact of a condition that does not exist. [Dkt. 12, p. 6]. This argument assumes that trochanteric bursitis has some impact on Plaintiff's ability to work in addition to the hip pain that the ALJ found as a severe impairment at step two. But Plaintiff's brief does not explain what the additional impact is and the court finds no support in the medical record for any additional limitations based on trochanteric bursitis as opposed to hip pain. Trochanteric bursitis was simply identified as a possible cause of the hip pain. [R. 301].

The court finds that the ALJ did not err by finding a "history of hip pain" (as opposed to trochanteric bursitis) a severe impairment at step two. Further, the ALJ's evaluation of the medical opinions of Drs. Cooper, Bliss, and Maguire was proper and is supported by substantial evidence.

Plaintiff's Allegations

Plaintiff argues that the ALJ failed to properly consider her allegations that she cannot stand or walk for prolonged periods of time. Plaintiff contends that while the ALJ summarized her statements, at no time did he give any specific reasons for rejecting her statements that she cannot stand or walk for prolonged periods of time. [Dkt. 11, p. 6]. Further, that the ALJ failed to consider the regulatory factors, explain which statements he

believed and which he did not, and give supported reasons for his findings. [Dkt. 11, p. 8, citing *SSR* 16-3p][4].

In evaluating credibility, an ALJ must give specific reasons that are closely linked to substantial evidence. See *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); Social Security Ruling 96-7p, 1996 WL 374186. Some of the factors the ALJ may consider in assessing the credibility of a claimant's complaints include "the levels of medication and their effectiveness, the extensiveness of the attempts ... to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of non-medical testimony with objective medical evidence." *Kepler*, 68 F.3d at 391 (quotation and citation omitted). The ALJ did just that. The ALJ accurately outlined the points of Plaintiff's testimony including her alleged inability to walk more than 15 to 20 minutes due to pain in her buttocks and left hip. That standing was also painful so Plaintiff moved around in her home in a rolling chair, and that she spent 80% to 90% of her time sitting or lying down. [R. 24]. Plaintiff testified that not being able to physically take care of herself made her anxious and she is not strong enough to carry her ten pound cat. [R. 24]. The ALJ also noted the inconsistencies between Plaintiff's allegations and the medical records. Plaintiff's subjective reports of pain and limitation of motion were contradicted by Dr. Bliss who found she had normal range of motion in the hips; March 16, 2015 review of systems

---

[4] 16-3p eliminated the term "credibility" from the agency's sub regulatory policy, which did not become effective until March 28, 2016. 2016 WL 1237954. "When a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review." SSR 16-3p, 82 Fed. Reg. 49462 03, 49468 n. 27 (October 25, 2017). SSR 96-7p preceded SSR 16-3p and is the rule that was in effect at the time the decision in this case was issued.

were negative with the exception of complaints of abdominal pain; musculoskeletal examination showed normal range of motion, strength, and no tenderness; and x-rays of the hips on July 23, 2015 showed only mild hip arthritis. [R. 24, 259-265; 269, 301]. The ALJ's credibility findings are closely and affirmatively linked to substantial evidence. Therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 20th day of July, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE